Marc A. Lieberman, Esq. (Bar No. 157318)
Alan W. Forsley, Esq. (Bar No. 180958)
**FREDMAN LIEBERMAN PEARL LLP**
1875 Century Park East, Suite 2230
Los Angeles, California 90067-2523
Telephone:   (310) 284-7350
Facsimile:   (310) 432-5999
marc.lieberman@flpllp.com
alan.forsley@flpllp.com
Attorneys for Plaintiff Christina Fulton

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>THOMAS V. GIRARDI,<br><br>Debtor.<br>_____<br><br>CHRISTINA FULTON, an individual,<br><br>Plaintiff,<br><br>v.<br>THOMAS V. GIRARDI, an individual,<br><br>Defendant | Case No. **Case No. 2:20-bk-21020-BR**<br><br>Chapter 7<br><br>Adv. Proc. No. 2:21-ap-01072-BR<br><br>**FIRST AMENDED COMPLAINT TO DENY DISCHARGEABILITY OF DEBT**<br><br>[11 U.S.C. §§ 523(a)(4), & (a)(6)] |

///
///
///

1

## JURISDICTION

1. Jurisdiction of the United States District Court for the Central District of California over the above-captioned adversary proceeding is founded on 28 U.S.C. §§ 1334(b) and (d) in that it arises in or is related to the above-captioned case under Chapter 7 of title 11, United States Code.

2. Defendant Thomas V. Girardi ("**Debtor**") is the debtor in the above-entitled Chapter 7 case.

3. Plaintiff Christina Fulton ("**Plaintiff**") is a former client of Debtor and of Debtor's now defunct law firm Girardi Keese ("**GK**").

4. This action is a "core proceeding" which may be referred to the United States Bankruptcy Court pursuant to title 28 U.S.C. § 157(b) in that it is a proceeding to determine the dischargeability of a debt under 11 U.S.C. §§ 523(a)(4) and (a)(6).

5. This action has been so referred by operation of General Order 266 of the United States District Court, Central District of California.

## VENUE

6. Venue of this action is proper under 28 U.S.C. § 1409 in that it arises in or relates to the above-captioned case under Chapter 7 of title 11, United States Code, which case is now pending in the Central District of California.

## GENERAL ALLEGATIONS

7. On December 18, 2020 ("**Petition Date**"), certain creditors filed an involuntary Chapter 7 petition ("**Petition**") [Doc 1] against Debtor commencing the instant case (the "**Bankruptcy Case**"). On January 13, 2021, the Court entered an order for relief against Debtor [Doc 64].

8. On or about January 1, 2016, Plaintiff sustained serious physical injuries in an automobile accident ("**Accident**").

9. On or about January 18, 2016, Plaintiff retained Debtor and GK to represent her in connection with the Accident.

2

10. Plaintiff is informed and believes that Debtor and GK represented Plaintiff pursuant to the terms of an unwritten contingency fee agreement in violation of Cal. Bus. & Professions Code Section 6147.

11. Plaintiff is informed and believes that Debtor paid (or caused GK to pay) a referral fee to another attorney in connection with her representation in violation of Rule 1.5.1 (a) of the California Rules of Professional Conduct.

12. By agreement dated March 18, 2019, Plaintiff's Accident-related claims were settled pursuant to a confidential written settlement agreement ("**Settlement**").

13. Plaintiff is informed and believes that, pursuant to the Settlement $924,300 for consideration was paid for the release of Plaintiff's claims in connection with the Accident (the "**Settlement Payment**") to Debtor and/or GK in trust for the benefit of Plaintiff.

14. In 2019 and 2020, Debtor caused GK to make small payments to Plaintiff totaling $195,000, including $175,000 paid from GK's trust account and $20,000 from Debtor's personal account (collectively the "**Fractional Payments**").

15. Plaintiff is informed and believes that Debtor at all relevant times had total control over the Settlement Payment and all of GK's bank accounts, including its client trust account.

16. Plaintiff on several occasions has spoken telephonically with Debtor, demanding payment of the balance of the Settlement Payment. In each instance, Debtor told Plaintiff he was keeping the balance of the Settlement Payment in a "secret" or "safe" account and that he was investing it on her behalf. Since the commencement of the instant case, Debtor has telephoned Plaintiff on multiple occasions, informing her that the balance of the Settlement Payment remains in a "secret" or "safe" account and in investments under his control. When Plaintiff pressed Debtor for details about the location of the funds and the purported investments, Debtor deflected, responding to the effect: "Don't worry, your money is safe."

17.    Plaintiff is informed and believes that Debtor has converted the balance of the Settlement Payment for his own use.

## FIRST CLAIM FOR RELIEF

**(11 U.S.C. § 523(a)(4)- (Fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny)**

18.    Plaintiff incorporates hereat by reference the allegations set forth in paragraphs 1-19 above.

19.    Debtor breached his fiduciary duty to Plaintiff by failing to pay her the $729,000 unpaid balance of the Settlement Payment, by failing to account for same, and by converting it to his own use.

20.    Debtor has embezzled the unpaid balance of the Settlement Payment by converting it to his own use.

21.    Based on the outrageous and intentional acts giving rise to Plaintiff's claim against Debtor, she is entitled to recover punitive damages according to proof.

## SECOND CLAIM FOR RELIEF

**(11 U.S.C. § 523(a)(6) – for willful and malicious injury)**

22.    Plaintiff incorporates hereat by reference the allegations set forth in paragraphs 1-17 above.

23.    By intentionally failing and refusing to pay Plaintiff the $729,300 unpaid balance of the Settlement Payment, Debtor has willfully and maliciously injured Plaintiff.

24.    Based on the outrageous and intentional acts giving rise to Plaintiff's claim against Debtor, she is entitled to recover punitive damages according to proof.

//

//

//

WHEREFORE, Plaintiff prays for judgment against Debtor as follows:

1. For judgment against Debtor in the amount of $729,300 plus pre-judgment interest and punitive damages according to proof (the "**Monetary Judgment**");

2. For a declaration that the Monetary Judgment is non-dischargeable pursuant 11 U.S.C. §§ 523(a)(4) and (a)(6);

3. For reasonable attorneys' fees and a finding the attorney's fees are non-dischargeable;

4. For costs of suit and a finding the costs are non-dischargeable; and

5. For such other and further relief as the Court deems just and proper.

DATED: April 27, 2021                              FREDMAN LIEBERMAN PEARL LLP

By: /s/ Marc A. Lieberman
Marc A. Lieberman, Esq.
Alan W. Forsley, Esq.
Attorneys for plaintiff Christina Fulton